## SEYMOUR, Adm'r, vs. JEFFERSON COUNTY.

COUNTY SCRIP: *When bonded under act July 23, 1868, by whom cancelled.*
It is the duty of the *county clerk* and not the county judge, under the provisions of the act of July 23, 1868, "authorizing the funding of a floating debt in certain cases," to receive and cancel county scrip and warrants presented to be funded, and to give the person presenting the same a county bond for the amount.

APPEAL from *Jefferson* Circuit Court.
Hon. HENRY B. MORSE, Circuit Judge.
*Bell & Carlton*, for appellant.

McCLURE, C. J. In August, 1869, the county court of Jefferson county entered up an order allowing one John De Baun five hundred dollars for taking care of and preserving the county records of said county during the war. This amount was issued to De Baun in five one hundred dollar warrants. Bagg, the appellant, was the sheriff and collector of the county, and received four of these warrants in payment of county taxes. The treasurer of the county refused to receive any one of these warrants, upon the ground that a military order had

been issued commanding him not to receive any of said scrip for county taxes; thereupon Bagg, in making his settlement with the treasurer, was compelled to furnish other scrip or money to the amount of four hundred dollars.

Sometime afterward, the county issued an order providing for bonding the outstanding debt of the county. The four warrants issued to De Baun, and held by Bagg, were presented to the county judge to be bonded, and the same were rejected; thereupon Bagg applied to the circuit court of that county for mandamus to compel the county court to bond his warrants. In response to an alternative writ, the judge of the county court, admits that the county court issued the warrants to De Baun for the consideration stated, but alleges that before the said scrip came into the possession of the complainant, there was an order issued by the proper military authorities commanding in the district of Arkansas, ordering the county officers not to take any of said scrip in payment of any debts to the county ; that an order was issued providing for bonding the outstanding indebtedness of the county, but denies that the scrip held by the complainant was embraced in said order.

To this answer or response, the complainant filed a demurrer, which was by the court overruled, and the peremptory writ was denied, and the complainants appealed.

If mandamus would lie at all upon the showing made in this case, it certainly will not against the judge of the county court. Under the provisions of the act "to authorize the funding of a floating debt in certain cases," approved July 25, 1868, under which the county of Jefferson bonded a portion of her debt, it is no portion of the duty of the county judge to exchange bonds for scrip.

The fifth section of the act declares that "upon the presentation of such warrants or scrip, *said clerk* shall cancel the same by writing across the face of each warrant: 'Funded

by —— ——' (naming the person presenting the scrip), and give the person presenting the same a county bond for the same amount, bearing interest at the rate of six per cent. per annum, payable annually." In this case the relator presented his scrip to the *county judge*, instead of the *county clerk*, and the county judge refused to give him bonds for his scrip. The law did not place the bonds to be exchanged for scrip in the custody of the *county judge;* it placed the bonds in the hands of the *county clerk* for exchange, and to this person he should have applied. The county judge seems to have been somewhat officious as to this particular scrip.; but his officiousness could not change the law. If the scrip had been presented to the *county clerk*, where the law directed it should be presented, instead of the *county judge*, it is not at all improbable that the relator would have received bonds for the same; but, be this as it may, under no state of the case ought *mandamus* to have issued against the county judge.

Let the judgment be affirmed with costs.